## DAVIS v. PAYNE AND SHADDUCK.

1. **Pleading:** REPLY. A reply is unnecessary where the answer does not set up a counter-claim and the plaintiff has no matter to plead in avoidance of the allegations of the answer.

2. **Surety:** PROMISSORY NOTE: EVIDENCE. In an action upon a promissory note against a surety, the failure to object to the introduction of oral evidence showing that the surety requested the payee to sue upon the note, will not be deemed a waiver of the statutory requirement that such request should be in writing.

*Appeal from Clinton District Court.*

WEDNESDAY, DECEMBER 13.

ACTION upon a promissory note against the defendants as joint makers. Default was entered against the defendant, Payne, for want of a defense. Shadduck answered, setting up in substance that he was surety, and that there was an extension of time given by Davis to Payne, upon some consideration, without the knowledge of the surety, and thereby Shadduck

was discharged; and that at or before the maturity of the note, Shadduck, as surety, requested Davis to sue said Payne on said note and to collect the money due thereon, and that said Davis refused to enforce collection, whereupon Shadduck informed Davis that he would not be held as surety longer, unless Davis would proceed to enforce collection against Payne. A jury was waived, and there was trial to the court. Judgment for plaintiff and defendant, Shadduck, appeals.

*Corning & Grohe,* for appellant.

*Ellis & Spence,* for appellee.

ROTHROCK, J.—I. We have carefully examined the evidence relied upon by appellant to show that there was an extension of time given for a consideration, without his knowledge or consent, and are of opinion that the court below correctly found for the plaintiff on that issue. There is a conflict in the evidence with, as we think, a preponderance against appellant. There being such conflict we could not disturb the finding of the court below under the rule so often announced here, even conceding the preponderance to be in appellant's favor.

II. It is insisted by counsel for appellant that as there was no reply to the answer, the allegations thereof should be held as admitted. A reply was neither necessary nor allowable. There was no counter-claim; and plaintiff did not claim to have a defense to any matter alleged in the answer by reason of the existence of some fact which avoided the matter alleged in the answer. The allegations of the answer not relating to a counter-claim are to be deemed controverted without a reply. Code, Secs. 2665, 2712.

1. PLEADING: reply.

III. The alleged request to enforce collection of the note was not in writing. It is claimed, as there was no objection interposed to the oral evidence showing such request, that objection was thereby waived. This cannot be admitted. The Code, Sec. 2108, provides that such request shall be in writing. The fact to be established was that a request in writing had been given. The

2. SURETY: promissory note: evidence.

defendant's evidence only shows that he had not complied with the statute by making the request in writing. The fact that plaintiff made no objection to the evidence is a waiver of nothing in regard to the thing defendant was required to prove, that is, a request in writing.

AFFIRMED.