## SHAW v. KENDIG.

1. **Justice of the Peace: FEES.** A justice of the peace is entitled to a trial fee in default cases, and in cases coming under sections 3541 and 3542, Code, he is authorized to charge both a trial fee and a fee for entering judgment by default.

*Appeal from Madison Circuit Court.*

TUESDAY, DECEMBER 13.

THE plaintiff commenced this action before a justice of the peace to recover his costs as a justice of the peace in five several suits brought by the defendant against various parties, in four of which suits judgment was rendered by default. The plaintiff claimed on account of all these suits, $12.50. The defendant admitted his liability to the extent of $8.50, but controverted the charge of one dollar in each of the default cases. There was a jury trial, resulting in a verdict for the plaintiff for $12 50. The case was appealed to the Circuit Court and submitted upon an agreed statement of facts, upon which the court found for the plaintiff in the sum of $12.50. The defendant appeals.

*J. B. W. Westfall*, for appellant.

*W. M. Shaw, pro se.*

DAY, J.—The trial judge has certified the question upon which it is desirable to have the opinion of this court, as follows: "W. M. Shaw, a justice of the peace in and for Madison county, Iowa, plaintiff in the above entitled case, has charged A. J. Kendig $1.00 for trial of sev-

1. JUSTICE OF the peace: fees.

eral cases brought before said Shaw by said Kendig as plaint-
iff, which were merely default cases.

Query. "Is a justice entitled to a trial fee in default cases
under Secs. 3541, 3542 and 3804 of the statute? Also in same
case referred to plaintiff Shaw has charged defendant Kendig
a fee for entering judgment by default, fifty cents, and also a
trial fee in the default cases.

Query. "Is a justice of the peace entitled to charge in the
same fee bill both for judgment by default and a fee for trial?"

I. *As to the first question submitted by the trial court.*
The sections of the Code referred to are as follows: "3541.
But if, where the plaintiff's claim is not founded on such writ-
ten instrument, the defendant does not appear, the justice shall
proceed to hear the allegations and proofs of the plaintiff, and
shall render judgment thereon for the amount to which he
shows himself entitled, not exceeding the amount stated in the
notice. 3542. In the case contemplated in the last two sec-
tions, if the defendant has previously filed a counter-claim,
founded on a written instrument, purporting to have been
signed by the plaintiff, calling for a certain sum, the justice
shall allow such counter-claim in the same manner as though
the defendant had appeared, and shall render judgment accord-
ingly." So much of section 3804 as is material to the present
is as follows: "Justices of the peace shall be entitled to charge
and receive the following fees: * * * * *
For entering judgment by confession, after the suit brought,
fifty cents. For entering judgment by confession, not on suit
brought, one dollar. For entering judgment by default, or
on a plea of guilty, fifty cents. * * * * *
For trial of all causes, civil or criminal, for each six hours or
fraction thereof, one dollar."

"A trial is a judicial examination of the issues in an action,
whether they be issues of law or of fact." Code, § 2739.

Section 2738 of the Code provides: "An issue of fact arises:
1. Upon a material allegation of fact in the petition, denied

by the answer. 2. Upon a material allegation of new matter presented in the answer. and denied by the reply. 3. Upon allegation of new matter in the reply, which shall be considered as controverted by the opposite party without further pleadings. Any other issue is one of law." It is evident from the provisions of the foregoing section that an issue of fact may arise by operation of law, without a pleading. It is further evident, from an examination of other provisions of the statute, that section 2738 does not contain all the issues of fact which may arise. Section 2665 of the Code provides: "There shall be no reply except: 1. When a counter-claim is alleged; or 2. When some matter is alleged in the answer to which the plaintiff claims to have a defense, by the reason of the existence of some fact which avoids the matter alleged in the answer." Where, then, the plaintiff simply relies upon a denial of the new matter alleged in the answer, no reply is proper, and the new matter is deemed controverted. See section 2712, also *Davis v. Payne and Shadduck*, 45 Iowa, 194. Further, section 2712 of the Code provides: "But an allegation of value, or amount of damage, shall not be deemed true by a failure to controvert it." Recognizing the necessity of proof of an allegation of value, or amount of damage, even when there is no denial, section 3541 requires the justices in cases where the plaintiff's claim is not founded on a written instrument purporting to have been executed by the defendant, and the defendant does not appear, to proceed to hear the allegations and proofs of the plaintiff, and render judgment for the amount to which he shows himself entitled. In other words, notwithstanding the defendant's default, the justice is required to try the issue which the law raises as to the amount to which the plaintiff is entitled. For such trial, section 3804 of the Code, in our opinion, allows the justice a fee of one dollar.

II. *As to the second question submitted by the trial court.* Section 3804 of the Code provides that the justice shall have

a distinct fee for entering a judgment by confession after suit brought, by confession not on suit brought when contested, and by default, or on a plea of guilty. The fee for entering judgment is altogether distinct from the fee for a trial, and when a trial is had the justice is entitled to both. Appellant insists that this would allow the justice more in a case where the defendant makes default than where he contests the case and causes a trial lasting six hours. This is evidently a mistake. The justice in a contested case is allowed a fee of fifty cents for entering judgment in addition to the fee for trial. In cases coming under sections 3541 and 3542 of the Code, a justice of the peace is entitled to both a trial fee and a fee for entering judgment.

AFFIRMED.