# LAIDLY *v.* HUNTINGTON.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF WEST VIRGINIA.

Argued March 22, 1887. — Decided April 4, 1887.

In a suit by a widow in a court of the state of which she is a citizen, seeking to have dower assigned to her in land within the state conveyed by her husband to A, a citizen of another state, and by the latter conveyed to a corporation created under the laws of the state in which the land lies, to which suit A is made party defendant, there is no separable controversy (if there be any controversy at all) as to A, which warrants its removal to a Circuit Court of the United States.

A petition for removal filed after the case has been heard on demurrer on the ground that the bill does not state facts sufficient to entitle the complainant to the relief prayed for, and after a decree sustaining the demurrer, is too late.

THIS was an appeal from a decree overruling a motion to remand the cause to the state court from whence it had been removed, and from the final decree in the cause. This court disposed of the case only on the first issue. The case is stated in the opinion.

*Mr. J. F. Brown* for appellant.

No appearance for appellees.

Mr. Chief Justice Waite delivered the opinion of the court.

This is a suit begun by Vesta Laidly, a citizen of West Virginia, the widow of Albert Laidly, deceased, on the 20th of December, 1881, in the Circuit Court of Cabell County, West Virginia, against C. P. Huntington and Elizabeth Huntington his wife, citizens of New York, and the Central Land Company, a West Virginia corporation, for an assignment of dower in certain land in that county conveyed by and for Albert Laidly to C. P. Huntington, and afterwards by Huntington, during the life of Laidly, to the Land Company, in whose possession it was, under that conveyance, when the suit was begun. The prayer of the bill is, 1, for an assignment in money, to be estimated according to the valuation of the land at the time of the alienation, or if that cannot be done, then, 2, in land. Attached to the bill as exhibits are copies of the deeds under which the conveyances were made to Huntington, two of which purport to have been executed by Laidly and his wife, and a third by another person who held title for Laidly. In addition to these exhibits there is a copy of the deed by Huntington and wife which purports to convey all the land to the Land Company.

To this bill a joint demurrer was filed by Huntington and wife, May 22, 1882, and a separate demurrer by the Land Company. The ground of each demurrer is, that the bill is not sufficient in law. On the 26th of the same month of May, these demurrers were argued and overruled by the court, "but without deciding upon the sufficiency of the acknowledgments to the several exhibits filed with the bill." Thereupon Mrs. Laidly moved the court to dismiss the suit as to Huntington and wife, to which they objected. This motion was argued on both sides and submitted, but, before a decision was reached, Huntington and wife presented their petition for the removal of the suit to the District Court of the United States for the District of West Virginia, sitting in Charleston, having Circuit Court powers, on the ground "that there is a controversy in

said suit which is wholly between citizens of different states, namely, between your petitioners, who are defendants in said suit, and the plaintiff." After the presentation of this petition, the suit was docketed in the District Court upon an order to that effect made by that court November 1, 1882. On the 8th of November, Mrs. Laidly moved that it be remanded, and this motion was denied November 11. Thereupon the defendants moved for leave to reargue the demurrer, and this motion was granted, On the 10th of May, 1883, the court refused Mrs. Laidly leave to dismiss the suit as to the Huntingtons, overruled the demurrers, and dismissed the bill. From that decree this appeal was taken. The grounds now relied on for reversal are, 1, the refusal to remand, and, 2, the overruling of the demurrers and the dismissal of the bill.

The District Court was clearly in error in refusing to remand. There is no separable controversy in the suit, and Mrs. Laidly, the plaintiff, was, when the suit was begun, a citizen of West Virginia, and the Land Company, one of the defendants, a West Virginia corporation, and in law a citizen of the same state. As the legal title to the land was in the Land Company at the time of the death of Albert Laidly, and at the time of the commencement of the suit, the company was an indispensable party. It is difficult to see how Huntington and wife were even proper parties, for according to the bill they had parted with their interest in the land during the life of the husband of Mrs. Laidly, and there is nothing whatever to indicate that when the suit was brought they had any claim whatever to the property. The whole controversy in the case, as we infer from the argument here, is as to the sufficiency of the acknowledgments by Mrs. Laidly of the deeds to Huntington, which she signed and sealed with her husband, to bar her dower. *Thayer* v. *Life Association*, 112 U. S. 717.

The petition was also filed too late, for it was after the case had been heard on a demurrer to the bill because it did not state facts sufficient to entitle the complainant to the relief prayed for, and the demurrer sustained. *Alley* v. *Nott*, 111 U. S. 472.

The decree is reversed on the single ground that the suit should have been remanded to the state court, and, without passing on any of the other questions involved, the cause is remitted to the District Court, with instructions to send it back to the state court as a suit which had been improperly removed, and of which the District Court had no jurisdiction.

*Reversed.*