LOOKOUT MOUNTAIN R. Co. *v.* HOUSTON & Co. and others.

*(Circuit Court, E. D. Tennessee.* November 14, 1887.)

REMOVAL OF CAUSES—TIME OF APPLICATION—ACT OF MARCH 3, 1887.

Defendant, his demurrer to the bill having been overruled on appeal by the supreme court of the state, filed his petition for removal, April 12. 1887, on the grounds of (1) citizenship, and (2) local influence and prejudice. *Held,* that the application came too late, the act of March 3, 1887, requiring petitions for removal on the first ground to be filed at the term to which the case is *returnable,* and those on the second ground "before trial," and the hearing and determination of a demurrer being a "trial," within the meaning of that act.

On Motion to Remand.

*Goree & Landrum,* for complainants.

*Cooke, Clift & Cooke,* for respondents.

KEY, J.   This cause comes here by removal from the chancery court of the state, and a motion has been made to remand it.   The petition for removal is on behalf of two of the defendants, who set up two reasons for removal:

*First.* "That petitioners were both, at the time of bringing the suit, and still are, citizens of the state of Ohio; and that they are the only material defendants; and that all the complainants are, and were at the time of filing said bill, residents of different states from petitioners;" and, *second,* "that they have reason to, and do believe, that, from prejudice and local influence, they will not be able to obtain justice in the state court."

It is not necessary for both causes of removal to exist in order to authorize it.   One is sufficient, if it be valid.   It appears from the record sent here from the state court, that a demurrer was filed in that court by the petitioners for removal, upon various grounds going to the entire bill of complaint; that the demurrer was sustained by the chancery court, and the bill dismissed, from which decree an appeal was taken to the supreme court of the state, which reversed the decree of the chancellor, and sent the cause back to the chancery court to be proceeded with.

It is most palpable that the cause is not removable under the act of March 3, 1875, the supreme court having decided time and again that the hearing of a demurrer is a "trial," within the meaning of said act.   *Alley* v. *Nott,* 111 U. S. 472, 4 Sup. Ct. Rep. 495; *Scharff* v. *Levy,* 112 U. S. 711, 5 Sup. Ct. Rep. 360; *Gregory* v. *Hartley,* 113 U. S. 742, 5 Sup. Ct. Rep. 743; *Laidly* v *Huntington,* 121 U. S. 179, 7 Sup. Ct. Rep. 855.   Moreover, the application for removal in this cause was filed April 12, 1887, and falls under the provisions of the act of March 3, 1887, which says in cases like the one under consideration—

"He, the petitioner, may make and file a petition in said suit in such state court at the time, or any time before the defendant is required by the laws of the state, or the rule of the state court in which suit is brought, to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the circuit court."

The act of 1875, which has passed into the decisions of the supreme court of the United States, requires that the petition for removal be filed "before or at the term at which said cause could be first tried, and before the trial thereof." The act of 1887 demands an earlier application for removal; one made at the term at which the case is returnable, instead of at the term at which it is first triable. It is very evident that in this aspect of the cause the application for removal comes too late.

It remains to determine whether the allegation as to local influence and prejudice brings the cause here. The act of March 2, 1867, provides that for such cause removal may be had on petition filed "at any time before the trial or final hearing of the suit." The act of 1887 says that the application for removal may be filed "at any time before the trial thereof." The words "or final hearing" are omitted. The act of 1875, so often construed, says the petition for removal may be filed "before or at the term at which said cause could be first tried, and before the trial thereof." Each act has the words "before the trial thereof." The evident intent of congress in the act of 1887 was to diminish and discourage litigation in, and curtail the jurisdiction of, the federal courts, and when it omitted from that act the words "or final hearing," it meant to place removals which had been provided for on account of prejudice and local influence in the same category as removals under the act of 1875. If the hearing and determination of a demurrer be a trial in one case, it must be a trial in the other; such a conclusion seems inevitable.

In the view of the matter taken, it becomes unnecessary to construe what is to be understood by this language of the act of 1887:

"When it shall be made to appear to said circuit court that, from prejudice or local influence, he will not be able to obtain justice in the state court."

It is not stated how it is to be made to appear; whether the circuit court is to institute and conduct an inquiry to ascertain the fact, or whether it is sufficient that it appear by petition and affidavit, as under the act of 1867. Indeed it does not appear from the language of the act of 1887 that the state court is permitted or authorized to take any part in the removal, or is even to be advised in regard to it; but the whole matter is to be left to the judgment of the circuit court, to which the application of removal should be made. The third section of the act, while it stipulates "that whenever any party entitled to remove any suit mentioned in the next preceding section * * * may make and file a petition in such suit in the state court" at or before the return term, excepts "such cases as are provided for in the last clause of said second section." It is not very clear what is embraced in the term "last clause" of the section, but a sensible interpretation of the term would be, it seems to me, that it included that part of the section which provides for the removal of suits upon the grounds of prejudice and local influence. Perspicuity is not a characteristic of the act of March 3, 1887.

Let the cause be remanded.