### WELLER *v.* J. B. PACE TOBACCO Co. and others.

*(Circuit Court, S. D. New York. December 14, 1887.)*

1. REMOVAL OF CAUSES—CITIZENSHIP—ACT OF MARCH 3, 1887.

   Under the act of congress March 3, 1887, § 2, providing that a suit brought in any state court, wherein the controversy is between citizens of different states, and the amount in dispute exceeds, exclusive of interest and costs, the sum of $2,000, "may be removed to the circuit court of the United States for the proper district by the *defendant or defendants* therein, being non-residents of that state," defendants who are residents of the state in which suit is brought cannot remove the cause, though plaintiff is a resident of another state.

2. SAME—CITIZENSHIP—ACT OF MARCH 3, 1887—SEPARABLE CONTROVERSY.

   Action was brought by a non-resident assignee of an insolvent debtor to compel the assignment, by a corporation, of stock belonging to the debtor. Purchasers at a sale on execution levied on the stock subsequent to the debtor's assignment, intervened, were made parties defendant, and asked for a removal of the cause as to them, under act of congress March 3, 1887, § 2, providing that, "when there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants may remove said suit," etc. *Held* that, the cause of intervenors being inseparable from that of the corporation, it could not be removed.

*Reynolds & Harrison,* for plaintiff.
*North, Ward & Wagstaff,* for defendants.

LACOMBE, J. The plaintiff, a resident and citizen of California, is, under decree of a California court, the receiver of the late firm of Esberg, Bachman & Co. All the defendants are citizens and residents of New York. The firm of which plaintiff is receiver held and owned 273 shares of stock of the J. B. Pace Tobacco Company. The original certificate of stock is now held by plaintiff, with an assignment and power of attorney from the assignor. He brought this action in the state court against the company, as sole defendant, to compel the transfer of these shares

upon its books, and the issuing of a new certificate to himself as receiver. The assignment was made in October, 1885, and the suit was begun in 1886. After a trial, but before judgment was entered, the defendant Demuth & Co. applied to the court as intervenors, and, on their motion, the trial was set aside, and plaintiff ordered to bring them in. Thereafter he amended his summons and complaint, making Demuth & Co. and Scholle Bros. co-defendants with the company. The relation of these latter defendants to the subject-matter of the controversy is as follows: Subsequently to the assignment to plaintiff, separate attachments were sued out by the defendant firms against two of the plaintiff's assignors, and levied on the stock by filing notices with the company. Demuth & Co. prosecuted their suit to judgment, and bought in the interest of defendants therein when the stock was sold by the sheriff under execution. Subsequently Demuth & Co. brought an action in the supreme court of this state to compel the J. B. Pace Company to transfer the stock to them on the books of the company. They obtained judgment therein, the transfer has been made, and certificates thereof issued to them by the company. The defendants, Demuth & Co., and Scholle Bros. have removed this suit into this court, and a motion is now made by the plaintiff to remand the same.

The case is governed by the act of March, 1887, which was passed before the intervenors appeared. The second clause of the second section of this act (which deals with suits not concerned with federal questions, or the conflicting grants of different states) has materially changed the law permitting removals. The clause is as follows:

"Any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, [*i. e.*, in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum of two thousand dollars,] and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district by the *defendant or defendants* therein, being *non-residents* of that state."

Prior to the passage of this act, removal could be had in this class of cases by either plaintiff or defendant, and irrespective of residence. As all the defendants in this suit are residents of New York this clause gives them no right to a removal.

It is claimed by them, however, that the defendants other than the company may remove under the next succeeding clause of the act, which is as follows:

"And when, in any suit mentioned in this section, there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."

Whether or not the defendant who may move under this clause must be a non-resident of the state in whose court he is sued, need not be determined on this motion. However it may be interpreted, it certainly was never intended to provide for precisely the same class of suits as are

already covered by the second clause of the section. The portion of the section last quoted (which, with a single change, is textually the same as the last clause of section 2 in the removal act of 1875) is in effect a saving clause. When, upon arranging parties to any suit according to their interests, citizens of the same state are found on both sides of a litigation, a removal cannot ordinarily be had, because, under the decisions, the controversy (or controversary) is not between citizens of different states. The effect of the clause last above quoted is to provide that in those cases a defendant or defendants may nevertheless remove, upon showing that there is in the suit a controversy which is wholly between such defendant or defendants on the one side, and citizens of other states on the other. Under the decisions, moreover, this "controversy in a suit" must be separable; that is to say, there must be, in such suit, a separate and distinct cause of action, and the case must be one capable of separation into parts.' The clause last quoted has been many times considered by the supreme court, but its decisions will be searched in vain for a single instance where it has been applied to a case in which all the plaintiffs are citizens of one state, and all the defendants citizens of another. *Barney* v. *Latham*, 103 U. S. 205; *Blake* v. *McKim*, Id. 336; *Harter* v. *Kernochan*, Id. 562; *Hyde* v. *Ruble*, 104 U. S. 407; *Corbin* v. *Van Brunt*, 105 U. S. 576. *Fraser* v. *Jennison*, 106 U. S. 191, 1 Sup. Ct. Rep. 171; *Winchester* v. *Loud*, 108 U. S. 130, 2 Sup. Ct. Rep. 311; *Shainwald* v. *Lewis*, 108 U. S. 158, 2 Sup. Ct. Rep. 385; *Cable* v. *Ellis*, 110 U. S. 389, 4 Sup. Ct. Rep. 85; *Ayers* v. *Wiswall*, 112 U. S. 187, 5 Sup. Ct. Rep. 90; *Railroad* v. *Ide*, 114 U. S. 52, 5 Sup. Ct. Rep. 735; *Railroad* v. *Wilson*, 114 U. S. 60, 5 Sup. Ct. Rep. 738; *Pirie* v. *Tvedt*, 115 U. S. 41, 5 Sup. Ct. Rep. 1034, 1161; *Crump* v. *Thurber*, 115 U. S. 56, 5 Sup. Ct. Rep. 1154; *Starin* v. *New York*, 115 U. S. 248, 6 Sup. Ct. Rep. 28; *Sloane* v. *Anderson*, 117 U. S. 275, 6 Sup. Ct. Rep. 730; *Insurance Co.* v. *Huntington*, 117 U. S. 280, 6 Sup. Ct. Rep. 733; *Rand* v. *Walker*, 117 U. S. 340, 6 Sup. Ct. Rep. 769; *Core* v. *Vinal*, 117 U. S. 347, 6 Sup. Ct. Rep. 767; *Mining Co.* v. *Canal Co.*, 118 U. S. 264, 6 Sup. Ct. Rep. 1034; *Little* v. *Gibbs*, 118 U. S. 596, 7 Sup. Ct. Rep. 32; *Brook* v. *Clark*, 119 U. S. 502, 7 Sup. Ct. Rep. 301; *Laidly* v. *Huntington*, 121 U. S. 179, 7 Sup. Ct. Rep. 855; *Transportation Co.* v. *Seeligson*, 122 U. S. 519, 7 Sup. Ct. Rep. 1261; *Hedge Co.* v. *Fuller*, 122 U. S. 535, 7 Sup. Ct Rep. 1265.

The suit in this case is clearly within the class covered by the second clause, as a suit in which there is a controversy between citizens of different states; and, even if the citizenship of the parties were such as to make the provisions of the third clause of the act of 1887 applicable, the suit does not, under the decision, present separate and distinct causes of action, and is not one capable of separation into parts.