## MATHEWS v. CLAYTON COUNTY.

**Justices of the Peace:** TRIAL FEES: "TRIAL" DEFINED. "A trial is a judicial examination of the issues in an action, whether they be issues of law or of fact." (Code, sec. 2739.) In criminal cases before a justice of the peace, where no issue of law is raised by demurrer, and the defendant pleads "guilty," thus avoiding any issue of fact, and judgment is rendered upon such plea, there can be no "trial," within the meaning of the statute, and, therefore, in such cases, the justice is not entitled to the trial fee provided by section 3804 of the Code. (*Shaw v. Kendig*, 57 Iowa, 390, *distinguished*.)

*Appeal from Clayton District Court.*—HON. L. O. HATCH, Judge.

FILED, FEBRUARY 10, 1890.

PLAINTIFF brings this action to recover from defendant certain fees claimed to be due him as justice of the peace, from the defendant county, for services rendered in certain criminal cases. The case was submitted to the court on an agreed statement of facts, and judgment rendered against the defendant for ninety-six dollars and costs, to which the defendant excepted. The trial judge certifies the question upon which it is desirable to have an opinion of this court as follows :

"This suit is brought by the plaintiff, a justice of the peace, to recover a trial fee of one dollar in each of ninety-six criminal cases disposed of before him as such justice. It is submitted to the court on the following stipulation of facts : In each case there is a plea of guilty, and a judgment on each plea. There was no objection made to the information in any case, by demurrer or otherwise, nor was any evidence introduced in any case; and there was no other trial than is implied in those facts. It is further stipulated that, if these facts entitled the plaintiff to a trial fee under section 3804 of the Code, he is to have judgment for the amount claimed. Judgment for the plaintiff for ninety-six dollars and costs. Defendant excepts. I, L. O. HATCH, the trial judge in this case, certify that this cause involves the determination of the following question of law, upon which it is desirable to have the opinion of the supreme court, to-wit : Under section 3804 of the Code, is a justice of the peace entitled to a trial fee in a criminal cause in which there is a plea of guilty, and judgment thereon, and in which no objection is made to the information, and no evidence introduced, and no trial, unless one is implied in these facts ?

"L. O. HATCH, Judge."

*R. Quigley* and *J. Larkin*, for appellant.

*W. E. Odell*, for appellee.

GIVEN, J.—I. Among the provisions of section 3804, Code, fixing the fees of justices of the peace, is the following: "For trial of all causes, civil or criminal, for each six hours, or fraction thereof, one dollar." Our inquiry is whether the facts certified show a trial, within the meaning of this paragraph. "A trial is a judicial examination of the issues in an action, whether they be issues of law or of fact." Code, sec. 2739. "Issues arise in the pleadings where a fact or conclusion of law is maintained by one party, and controverted by the other. They are of two kinds: (1) Of law; (2) of fact." Code, sec. 2737. In criminal cases "an issue of law arises upon a demurrer to the indictment." "An issue of fact arises on a plea of not guilty, or of former conviction or acquittal of the same offense." Code, secs. 4348, 4349. With these provisions of the Code, we need not look elsewhere for a definition of the term "trial," as used in section 3804. The term "trial," as therein used, means a judicial examination of an issue of law or fact raised by demurrer or plea. There was no issue of law or fact raised by demurrer or plea in the cases in which a trial fee is claimed. After the pleas of guilty, nothing remained for the justice to do but to pronounce judgment. It is true that in such cases he may upon his own motion, or at the request of either party, hear testimony in mitigation or aggravation of punishment; but this would not be a judicial examination of an issue, any more than the calculation of interest due upon a note on which judgment is to be entered. There are many matters incident to a case that the court must consider and pass upon, such as the sufficiency of service and the like, which, taken alone, do not constitute a trial.

If it might be said that hearing testimony in mitigation or aggravation of punishment was a trial, still there was no trial in these cases, for no evidence was introduced. *Shaw v. Kendig*, 57 Iowa, 390, is relied upon.

In that case it was held that a justice of the peace was entitled to a trial fee, in default cases, where plaintiff's claim was denied by operation of law, and where the plaintiff was required to introduce testimony in support of his claim. The court says: "In such cases the justice is required to try the issue which the law raises as to the amount to which the plaintiff is entitled." That case is readily distinguishable from these. In that, issues of fact were joined, and testimony taken, the same as if defendant had appeared and denied. In these cases there was no issue joined. Our conclusion is that there was no trial in either of the criminal cases referred to, and consequently the plaintiff is not entitled to a trial fee therein. The judgment of the district court is

REVERSED.