## REIGLER *v.* QUINN.

Decided December 13, 1890.

*Justice of the peace—Trial fee.*

> A justice of the peace is entitled to a trial fee where a defendant makes default upon an open, unverified account.

APPEAL from *Pulaski* Circuit Court.

JOSEPH W. MARTIN, Judge.

Quinn & Gray sued John Reigler, a justice of the peace, to recover the statutory penalty for extortionate charges. Upon a trial before the court, the facts were found to be substantially as follows: Plaintiffs brought four civil suits upon open accounts, not verified. There was a default in each case. The justice heard the testimony of the plaintiffs, as provided by the statute, and rendered judgment in their favor. He taxed up a fee of one dollar for the trial in each case. The court held that there could be no trial, in the

sense of the statute, in the absence of an appearance by the defendant, or of an issue joined, and rendered judgment against the defendant for $20.

*F. T. Vaughan* for appellant.

This in an action under sec. 1760 Mansf. Dig. Mansf. Dig., sec. 3259, allows justices of the peace "one dollar for a trial in civil cases." Was there a *trial* in these cases? A non-suit, so far as costs are concerned, is a trial. 1 Abb. Pr., N. Y. "A trial is a judicial examination of the issues, whether of law or fact, in an action." Mansf. Dig., sec. 5104. The presumption of law is always with the defendant. If no evidence is introduced, or if it is balanced, the judgment is always for defendant. 45 Ill., 374. The law itself makes an issue, by throwing the burden on plaintiff. Mansf. Dig., sec. 4068. Prosecuting attorneys are entitled to a fee when there is a plea of guilty. Mansf. Dig., 3233; 47 Ark., 442. The very point in this case was decided in 57 Iowa, 390, under the same law as ours.

*W. J. Terry* for appellees.

A judgment by default is not *a trial,* within the statute. As to what was a trial at common law, and the meaning to be given words used in statutes, see 4 Mason, 236; 32 Cal., 265. For definition, see Bouvier, "Trial;" Anderson, "Issue;" Mansf. Dig., sec. 5104. At common law, no issues were raised by presumption of law. Tyler's Ed., Stephens on Pl., p. 215. Under our statute, no issue is raised until answer filed. 38 Ark., 481. Fee bills are strictly construed. 47 Ark., 442; 43 *id.,* 377; 25 *id.,* 226. Counsel virtually admit that no trial can be had without an issue, but contend that the law raises the issue for defendant. Their *admission* is right. 29 Ark., 304; 34 *id.,* 282; 38 *id.,* 481; 47 Mich. 365; 39 Ind., 9; 63 How. Pr. (N. Y.), 123. But their contention that the law raises the issue is wrong. 1 Chitty Pl., 235, note; 3 Black. Com., 215; 2 Ark., 104; 30 Conn., 488; 57 N. H. 164; 1 Green Ch., (N. Y.), 157; 3 E. D. Smith (N.

Y.), 648 ; 4 Abb. Pr., (N. Y.;) 262 ; 63 How. Pr., 123 ; 17 Cal., 564 ; 27 *id.*, 495.

HEMINGWAY, J.  The statute regulating the fees of justices of the peace allows one dollar "for each trial in a civil case." The only question in this case is, whether or not that provision applies to the proceeding, upon failure of the defendant to appear in cases in which the plaintiff's claim is not founded on a written instrument, purporting to have been signed by the defendant.  In such cases it is provided that the justice shall proceed to hear the allegations and proofs of the plaintiff, and to render judgment thereon for the amount to which he shows himself entitled, not exceeding the amount claimed.  Mansf. Dig., sec. 4068.

*Justice of the peace—Trial fee.*

The statute puts in issue the allegations upon which plaintiff's claim rests, and exacts proof of them.  It requires the justice to hear the proof, and from it ascertain the rights of the parties.  If it is not an examination of issues made by the pleadings, it is an examination of issues made by the law upon a pleading; and as the service performed by the justice is the same in either case, and the statute was intended to provide a compensation for service, we think the case fairly comes within the statute.

The statutes of Iowa regulating practice and fees of justices of the peace are, in all respects material in this case, like our own.  The supreme court of that State held that in default cases the justice was entitled to the fee allowed for "trial of civil causes."  *Shaw* v. *Kendig*, 57 Iowa, 390.

Upon the facts found by the circuit judge, the judgment should have been for the appellant.

The judgment will be reversed and a judgment rendered here on the finding below for the appellant.

COCKRILL, C. J., did not participate.