140    APPELLATE COURTS OF ILLINOIS.

Alphons Custodis C. Con. Co. v. Aetna In. Co., 160 Ill. App. 140.

## Alphons Custodis Chimney Construction Company, Appellee, v. Aetna Indemnity Company, and Edwin M. Campfield, Appellant.

### Gen. No. 15,365.

PRACTICE—*when application for nonsuit properly allowed.* After a demurrer sustained and leave given to amend it is not error to apply for and be entitled to a nonsuit, no submission for trial upon the merits having been made.

Appeal from the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed March 21, 1911.

**Statement by the Court.** The sole question presented for our consideration in this case is the proper construction of section 70, Hurd's Revised Statutes, chapter 110, known as "The New Practice Act," which reads as follows:

"Every person desirous of suffering a non-suit shall be barred therefrom, unless he do so before the jury retire from the bar, *or if the case is tried before the court without a jury, before the case is submitted for final decision.*"

Appellee (plaintiff in the court below) in the Municipal Court filed its declaration, which was subsequently amended, and on the 17th day of December, 1908, a hearing was had upon the demurrer of appellant (defendant in the court below) to the amended declaration, at the conclusion of which the court entered the following order:

"This day again come the parties, by their attorneys respectively, and thereupon the defendant demurs to plaintiff's amended declaration, and the court after hearing the argument of counsel and being fully advised in the premises, sustains said demurrer.

"Thereupon on motion of plaintiff, it is ordered by the court that the plaintiff have thirty days in which to amend its declaration herein."

On the 16th of January following, the court entered an order of which the following is part:

"This day again come the parties, by their attorneys respectively, and thereupon the plaintiff moves the court for leave to take a non-suit herein, and the court hearing the argument of counsel and being fully advised in the premises, the court sustains said motion and a non-suit herein is allowed.

"It is therefore considered by the court that the defendant have and recover of the plaintiff its costs and charges by it herein expended, taxed at eleven ($11) dollars and that execution issue therefor.

"Thereupon the defendant prays an appeal to the Appellate Court, which is allowed   *   *   *" etc.

Appellant contends that the case had been submitted to the court for final decision upon a general demurrer and that, therefore, it was too late for appellee to take a non-suit. Cross-errors were assigned by appellee to the court's order in sustaining the demurrer to the amended declaration as amended, but such cross-errors have been practically abandoned, so that we are concerned merely with the one question raised by appellant.

FYFFE & ADCOCK, for appellant; EDMUND D. ADCOCK and IRA RYNER, of counsel.

ZEISLER & FRIEDMAN, for appellee.

MR. JUSTICE BALDWIN delivered the opinion of the court.

If the hearing in the lower court upon the demurrer to the amended declaration as amended was a *trial* "before the court without a jury," or if the hearing upon the demurrer to the amended declaration as amended was a submission of the case "for final decision," then appellee *was* too late in applying for a non-suit. Appellant so contends, and to support such contention cites: Alley v. Nott, 111 U. S. 472; Look-

out Mountain R. R. Co. v. Houston, 32 Fed. 711; Beaumont et al. v. Herrick, 24 Ohio State 445; State v. Scott, 22 Neb. 628; Crowley v. Chamberlain Co., 6 Ohio Decisions (Reprint) 982; Nashville, Chattanooga & St. Louis Ry. v. Sansom, 113 Tenn. 683; Bee Building Co. v. Dalton, 68 Neb. 38; Day v. Mountin, 89 Minn. 297; Goldtree v. Spreckels, 135 Cal. 666; State v. District, 32 Mont. 37.

Upon examination, we find that numbers 1 and 2, are Federal cases, and are manifestly limited in their application, to construing the words of the so-called "removal statutes." The first of these held that the argument and disposition of a general demurrer constitutes a trial of the cause within *the meaning of the removal statute,* and held that the attempted removal was applied for too late. In the second case, the Act of Congress then in force required the petition for removal to be filed "at any time before the defendant is required by the laws of the state or the rule in the state court in which the suit is brought to answer or plead to the declaration or complaint," etc., and the court held that, after the demurrer had been sustained and the bill ordered dismissed by the state courts, an application for removal *under this Act* came too late.

The decisions in Nebraska, Ohio and Minnesota are not very persuasive because of the wording of the statutes of these respective states, in which "trial" is defined as the "judicial examination of the issues, whether of *law* or of *fact.*"

The decision in the Montana case was rendered under the provisions of the code of that state, which provide that, "if the answer contains new material and the plaintiff fails to reply or demur thereto within the time allowed by law, the defendant may move on notice for such judgment as he may be entitled to upon such statement, and the court may thereupon render judgment.

"An action may be dismissed or a judgment of non-

suit entered in the following cases: 1. By the plaintiff himself at any time before trial," etc.

In that case, the defendant moved for judgment under these provisions of the code. Some days after argument upon the answer, plaintiff moved to dismiss the suit, but the court held the application too late, saying:

"We hold, then, that the submission of the motion for judgment on the pleadings in this case was a trial of the case within the meaning of Section 1004, above, and the application made to dismiss *after* the submission of the motion for judgment on the pleadings came too late."

In its decision the court had occasion to refer to the California code of Civil Procedure, under which Goldtree v. Spreckels, *supra,* was decided, and stated, that the language of the California code was identical with that of Montana with respect to the phraseology "at any time before trial," and the Montana court bases its decision in part upon the decision of the California court in the Goldtree case, in deciding which the California court said: "If the demurrer is sustained, he stands on his pleading, and submits to judgment on the demurrer, and, if not satisfied, has his remedy by appeal. In such a case we think there would be a trial within the meaning of the code, and the judgment would cut off the right of dismissal unless it was first set aside, *or leave given to amend.*"

In Illinois there is no statutory definition as to what is meant by the term "trial." We have carefully examined the authorities submitted, and find ourselves unable to hold, upon the record in this case, and under the wording of section 70 of the new Practice Act, that appellee was too late in its application for a nonsuit. We think it clear that a distinction should be made between settling the pleadings in a given case, and a submission of the case for final decision to a jury, or, for a final decision by the court without a jury, if a jury is waived. The general use of the word

"trial" imports a very different meaning than that here sought to be ascribed to it. In ordinary practice when causes are being called "for trial" upon the calendars the question is frequently raised, "Is the cause at issue,—Have the pleadings been settled,—that is, is it ready 'for trial?'"

By allowing the motion of plaintiff in this case to amend after the hearing, upon the demurrer, the court did precisely what the decision in the California case held would be sufficient to take it out of the construction of the statute of their code, which they were then applying. In this case, no final judgment was entered. The court merely made an interlocutory order, sustaining the demurrer and giving leave to amend.

We conclude, therefore, that upon this record, the court below committed no error in allowing the nonsuit, and its judgment is, therefore, affirmed.

*Affirmed.*