# BUTLER v. NATIONAL HOME FOR DISABLED VOLUNTEER SOLDIERS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF MASSACHUSETTS.

No. 170.  Argued February 29, March 1, 1892. — Decided March 14, 1892.

This action was brought by the defendant in error as plaintiff below against the plaintiff in error, defendant below, to recover a balance alleged to be due from him to the plaintiff below as its treasurer. The defendant below denied that any sum was due, and set up an accord and satisfaction. At the trial, after the plaintiff rested, the defendant opened his case at length setting forth the grounds of his defence. After some evidence had been introduced, including the books of account and the evidence of a witness who kept those books, a conversation took place between the court and the defendant respecting the introduction of evidence alleged by the court to be outside of the statements made in the opening. The defendant insisted that the evidence offered was within those statements. A further conversation resulted in the defendant's offering to show that all the moneys ever received by him as treasurer were duly accounted for and paid over. The court held this to be a mixed proposition of law and fact, and therefore not to be proved by witnesses or other evidence;

and, having excluded it, charged the jury that the question at issue was a book-keeper's puzzle or problem, which must be solved in favor of the plaintiff, although nothing had occurred in the testimony which reflected in the slightest degree upon the integrity or honesty or upright conduct of anybody who was concerned or had at any time been concerned in the transaction.   *Held*,

(1) That under the rule laid down in *Oscanyan v. Arms Co.*, 103 U. S. 261, it was competent for the court, if, assuming all the statements and claims made in the defendant's opening with all explanations and qualifications to be true, he had no case, to direct a verdict for the plaintiff; but

(2) That he should have been allowed, especially in view of the statement that there was no imputation upon his integrity or honesty, to offer proof to show that he had accounted for and paid over the money for which he was sued; and that if the proof, when offered, did not tend in law to establish those facts, it could have been excluded.

THE case is stated in the opinion.

*Mr. E. M. Johnson* and *Mr. Benjamin F. Butler* in person for plaintiff in error.

*Mr. Assistant Attorney General Maury* for defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court:

The National Home for Disabled Volunteer Soldiers, a corporation existing under the laws of the United States, brought this action against the plaintiff in error in the Supreme Judicial Court of Massachusetts to recover the sum of $15,000 with interest from November 20, 1879.

The defendant denied each allegation in the declaration contained, and, also, averred that he had paid the plaintiff in full all sums he ever owed it, due accord and satisfaction having been made.   He filed, in addition, a declaration in set-off, stating that he was directed by the Board of Managers and Directors of the Home to act as its treasurer, which it was not his official duty to do; that he continued to act in that capacity until the expiration of his term of office as a Manager; that

his service as such treasurer was very onerous and responsible, he having collected, invested, reinvested, taken charge of and paid out, very large sums of money, in the aggregate more than ten millions of dollars, and kept the records and accounts and examined the vouchers thereof; and that he was relieved from that duty and service at his own request after ceasing to be a member of the Board. He claimed just and proper compensation for his services in that behalf.

Upon the petition of the defendant the case was removed for trial into the Circuit Court of the United States upon the ground that the plaintiff was a corporation created by an act of Congress, and the suit was, therefore, one arising under the laws of the United States. 18 Stat. 471, c. 137; *Pacific Railroad Removal Cases*, 115 U. S. 1.

After the removal of the cause the plaintiff filed an answer to the declaration in set-off, denying that the defendant had any legal claim for services as acting treasurer or otherwise, and averring that there never was any agreement or understanding between the Board of Managers and the defendant that the latter should receive compensation for services rendered or to be rendered, or duties performed or to be performed, by him in connection with the Home; that no salary or other compensation therefor was ever determined or fixed by the Board; and that the defendant never made any claim or demand upon the plaintiff for compensation for such services prior to the filing of his declaration in set-off.

The evidence on behalf of the plaintiff tended to show the following facts: The defendant, as acting treasurer of the Home, paid, May 7, 1879, to William S. Tilton, Manager of the Eastern Branch Home, the sum of $15,000 to be used for the purchase of leather for the manufacture of boots and shoes at the Eastern Branch, and charged the same as so paid out in his accounts. In payment of that advance Tilton, October 13, 1879, sent to Butler a sight draft for $9838, drawn by the latter on his financial agent and book-keeper, George J. Carney, payable to the order of Pitkin & Thomas, and sent by the defendant, as acting treasurer, to that firm in payment for clothing furnished by it to the Home. Pitkin & Thomas en-

dorsed the draft and delivered it to Tilton in payment of boots and shoes purchased of him by them. Tilton sent it together with his receipt for $5162, to Carney. The receipt was in these words: "Togus, Me., Oct. 13, 1879. Receipt for money this day received from Gen. B. F. Butler, acting treasurer of the National Home for Disabled Volunteer Soldiers, $5162. William S. Tilton, Acting Treasurer."

The letter to Carney, containing the draft and receipt, was as follows:

"Togus, Me., October 13, 1879.

"Col. George J. Carney, Financial Agent, Lowell, Mass.

"My Dear Col.: The General has requested me to arrange for the settlement of $15,000 which he loaned me for the purchase of leather.

"I enclose Gen. Butler's draft on you at sight........    $9,838
And my treasurer's receipt.......................    5,162
                                                   _____
                                                   $15,000

"The Home owed me a balance of $5985.81 on the 30th September, '79; so the above balance (for which I send you regular treasurer's receipt in duplicate) will go far towards making us square on the ordinary Home expenditures.

"William S. Tilton, *Acting Treas'r.*"

Tilton never took up on his regular account with the Home the receipt of the $15,000 on May 7, 1879, nor entered in that account the repayment thereof, but entered both transactions in his "shoe-shop books."

It also appeared in the evidence introduced by the plaintiff that the $5162 was never in fact paid to Tilton, but that subsequently defendant gave Tilton an invoice for that sum the same as if it had been paid, and that Tilton took the same up on his regular account with the Home and accounted for it; that the defendant's accounts as acting treasurer were rendered quarterly on the last days of December, March, June and September, and in those for the quarter ending December 31, 1879, no credit was given the Home for the draft and receipt sent by Tilton, but it was therein charged, under date of November 20, 1879, with the payment to Pitkin & Thomas of

the sum of $9838, and the payment to Tilton of the $5162; and that in the defendant's account book, kept by Carney, in connection with the entry of payment by the defendant, November 20, 1879, of the sums of $9838 and $5162 to Pitkin & Thomas and Tilton, respectively, was the following memorandum in Carney's writing: "No money passes from G. J. C. to settle these; they offset an advance to Tilton."

Some letters that passed between the defendant and his successor in office, Gen. Franklin, were put in evidence, but they need not be set out.

The court having overruled a motion made at the close of the plaintiff's evidence, that a verdict be returned for the defendant — to which action of the court an exception was taken — the latter opened his defence with a speech to the jury, occupying nearly ten pages of the printed record.

The first witness introduced for the defence was Carney, who kept the accounts of the Home relating to the moneys received by the defendant as acting treasurer, from some time in 1869 down to 1880. All the entries were in his handwriting. With the accounts and account books kept by him the defendant never at any time interfered. In the progress of his examination numerous rulings as to evidence were made, to which the defendant excepted. Among other things, Judge Carpenter, before whom the case was tried, said: "I take it for granted all along that nothing is offered to be proved except what has been opened to the jury." To this the defendant replied, "Yes, sir." The Judge then said: "That being so, I shall instruct them that nothing that has been offered is relevant, and that nothing that can be offered that does not go outside of the statement which was made in the opening of the case is relevant."

Another witness was sworn on behalf of the defendant, when, according to the bill of exceptions, the following occurred:

DEFENDANT. "Shall I go on further with Mr. Carney on the question of the book-keeping? Did I understand your honor to say that, it appearing on our books we have taken it up and charged it, we are not at liberty to show that it was accounted for to the asylum?

Court. "No; I will repeat it. I should have been understood to say that if the testimony offered by you, and which was to be adduced in answer to the question asked by you, whatever it was, was to establish some allegation or offer of proof made by you in your opening to the jury, and went no further than that, and did not undertake to establish any allegation not offered to be proved by you in your opening to the jury, then, in that case, it is irrelevant to the issue and inadmissible.

Defendant. "I expressly opened to the jury that it had all been accounted for.

Court. "I did not so understand you.

Defendant. "I did, sir; and said that very account; and will your honor remember what I said exactly, that it had gone into the account; that the account had been audited and approved, and not a cent remained in my hands, as there would have been, or in Mr. Carney's hands, if there had been this $15,000. I said that.

Court. "I do not think such facts as that amount to a defence.

Defendant. "What — that it has been ultimately accounted for?

Court. "The statement that it is ultimately accounted for is a proposition of mixed law and fact.

Defendant. "I want to put in the facts upon that question.

Court. "You are to prove to the jury, and, of course, state in your opening, the facts which you are to prove. They are not legal conclusions. Of course, however proper it may be to advert to them as throwing light upon the nature and manner of the defence, they are not included in the propositions which you are going to sustain by proof. Legal conclusions cannot be sustained by proof or evidence offered in any case.

Defendant. "My proposition is, that I did state the fact of accounting and the fact of paying over. I remember this phrase, that I paid the balance that was found due from me upon the accounts, to my successor. If that is not opening, that I paid it and accounted for it, I don't know what it is.

Court. I may, perhaps, be misunderstood. I mean to say

that upon all the statements of fact made in the opening, and thereby offered to be proved to the jury, assuming them to be true, there is no defence whatsoever to this action, in my judgment, and I shall pass upon the questions of testimony in that view, and shall so instruct the jury.

Defendant. "And will not permit me to come in and show that they were all accounted for?

Court. "If you wish to offer any testimony as to matters of fact beyond and outside of such matters of fact as were opened· by you to the jury, I will hear a statement of what those matters of fact are and pass upon them. If there be nothing beyond that which it is now desired by you to offer, if there be nothing beyond that, then all parties have the benefit of my distinct ruling that they are irrelevant, each and all of them, to this issue, and that they constitute no defence. .

Defendant. "I still do not understand, sir. I now propose, may it please your honor, to offer to show by this witness, who was a member of the auditing committee of the accounts of the asylum, who examined all the receipts and all the expenditures and the vouchers, that all the moneys ever received by me as treasurer, including these, which were upon the same account, were duly accounted for, and then by another witness that they were paid over.

Court. "I judge that to be a mixed proposition of law and fact, and, therefore, not to be proved by witnesses or other evidence.

Defendant. "In order that I may not be mistaken, I will say that I offer to prove that these very sums of money here in account were duly accounted for and paid over.

Court. "Do you propose to prove that by proving any substantive facts other than those recited by you in your opening to the jury?

Defendant. "I have only to say that I did not open every item of evidence to the jury, as at the end of forty-six years of practice I have just learned I ought to. I now presume I ought to have done so.

Court. "Then it is necessary for you now to state what sub-

stantive fact you offer to prove which was not recited in your opening to the jury.

Defendant. "I do not offer any fact except the fact which I opened to the jury, that I had accounted for and paid over every dollar of money, including this money.

Court. "Then I tell you it will be irrelevant to the issue.

Defendant. "Your honor rules that it is irrelevant?

Court. "That is irrelevant.

Defendant. "I will have to ask your honor to save us an exception on that."

At a later stage of the trial the court announced that there was nothing to be argued, except the credibility of the evidence that had been introduced on behalf of the plaintiff. The conclusion of the charge to the jury was: "I need not say to you, gentlemen, that nothing has occurred in this testimony which in the slightest degree reflects upon the integrity or honesty or upright conduct of anybody who is concerned or who has been at any time concerned in this transaction. It is, as I have said, so far as the testimony goes here, a book-keeper's puzzle or problem, which, feeling clear what the right of the matter is, I have judged it was my duty to take the responsibility of instructing you must be solved in favor of the plaintiff, the Soldiers' Home."

Defendant. "I want, at the proper time, may it please your honor, to except to everything your honor has said upon the facts to the jury under our law.

Court. "Very good, sir. I added those observations in the public interest, and, as the case is confused, in the interest of gentlemen who are concerned in the case.

Defendant. "I simply take exception.

Court. "I do not retract them. If they be ground of exception you have the benefit of it."

The jury returned a verdict in favor of the plaintiff for the sum of $16,537.

The question raised in this case as to the conduct of the trial is somewhat similar to that determined in *Oscanyan* v. *Arms Co.*, 103 U. S. 261, 263, 264. That was an action to recover from the defendant commissions alleged to have been

earned by one Oscanyan under a contract for the sale of firearms to the Turkish government. Plaintiff's counsel as preliminary to the introduction of testimony, stated to the court and to the jury the issues in the case and the facts proposed to be proved. That statement disclosed a contract that was void, as being corrupt in itself, and prohibited by morality and public policy. The defendant thereupon moved the court to direct the jury to render a verdict in its favor. The plaintiff's counsel having, in response to a direct inquiry by the court, asserted the truth of the statement so made by him to the jury, the motion for a verdict in favor of the defendant was sustained. This court said that the power to act in the disposition of a trial upon facts conceded by counsel is as plain as its power to act upon the evidence produced. But it further said: "Of course, in all such proceedings nothing should be taken, without full consideration, against the party making the statement or admission. He should be allowed to explain or qualify it, so far as the truth will permit; but if, with such explanation and qualification, it should clearly appear that there could be no recovery, the court should not hesitate to so declare and give such direction as will dispose of the action."

The manner in which the trial below was conducted did not comport with the spirit of this rule. While, as to some matters, the bill of exceptions is obscure, it is clear that the court below was of opinion that the facts stated by the defendant in his opening to the jury did not constitute a defence to the action. But this opinion was based upon the belief that the defendant did not state that he had accounted for and paid over to the asylum the sums for which he was sued. When, however, the defendant assured the court that it was under a misapprehension as to what he had stated, and that he had claimed, in his opening, to have fully accounted for and paid over every dollar of the amount charged against him, he should have been allowed to introduce proof of such facts. If the proof, when formally offered, would not have tended, in law, to establish those facts, it could have been excluded. Such facts were clearly admissible under the answer of the defendant, and if they were not, strictly, included in the words of his opening

to the jury, it was error, under the circumstances, to have denied him the privilege of showing that he had, in fact, accounted for and paid over all the moneys for which he was sued. We are the more inclined to so hold because the court below observed to the jury that nothing had occurred in the testimony which in the slightest degree reflected upon the integrity or upright conduct of any one who was then or had been concerned at any time in this transaction. And if, as the court observed, the case was "confused," and the matter a "bookkeeper's puzzle or problem," there was so much the more reason why the defendant should have been allowed the benefit of his assurance that his opening proceeded upon the distinct ground that he had accounted for and paid over to the asylum the sums which he was charged to have improperly withheld.

We are of opinion that the case was not fully tried, and as, for that reason, it must go back for another trial, we forbear any expression of opinion upon the questions of law raised by the record now before us.

*The judgment is reversed, with directions to grant a new trial.*

Mr. Justice Brown dissenting.

I am unable to see wherein the court failed to give the defendant a proper opportunity of putting his case before the jury. After the plaintiff had rested its case, defendant moved for an instruction that a verdict be returned in his favor, which was denied. The defendant thereupon made a long and elaborate opening to the jury, claiming in substance two defences: first, that he had duly accounted for the money; and, second, that he was entitled by way of set-off to compensation for his services as Treasurer of the Home. In support of his first defence he made a statement of facts which, as I understand, were not disputed, but which had no tendency to show that he had duly accounted for the money, and put a witness upon the stand to give testimony which the court held was not relevant to the issue, and made out no defence. The court thereupon ruled that the statement of facts made in the opening to the jury, assuming them to be true, did not consti-

tute a defence to the action, and suggested that, if the defendant wished to offer any testimony as to matters of fact beyond and outside of the opening, he would hear his statement of what those facts were, and pass upon them; but if there were nothing beyond that which had already been offered, he would hold that they were irrelevant and constituted no defence. In reply to this, defendant stated that he proposed to show that the moneys charged against him were duly accounted for and paid over; and in reply to a suggestion of the court that he ought to state what substantial facts he expected to prove, which were not recited in his opening, said: "I do not offer any fact except the fact which I opened to the jury, that I had accounted for and paid over every dollar of money, including this money." This the court held, under the facts above set forth, to be irrelevant, and then stated that the only question for the jury was as to the credibility of the plaintiff's testimony.

It was held by this court in *Oscanyan* v. *Arms Co.* that where it is shown by the opening statement of the plaintiff's counsel that he has no case, the court may direct the jury to find a verdict for the defendant without going into the evidence. I know of no reason why the same rule should not apply to the defendant, who assumes in his opening to state a defence. If the facts stated in such opening do not constitute a defence, the court is at liberty to rule out the evidence, and either direct a verdict for the plaintiff or submit the case to the jury upon the plaintiff's testimony. In this case the defendant offered simply to show that he had accounted for the money. This was clearly not a statement of fact, but of a legal conclusion. It was as if, in an action of ejectment, the defendant should state that he proposed to show that he had the title to the lands in question; or, in an action for breach of contract, that he had not broken the contract. In such case, while the defendant may elect whether to make an opening or not, if he does make a statement of facts upon which he relies, and such facts are not, in the opinion of the court, relevant, I think the court may properly call upon him to state any further facts that he intends to prove, and if he de-

clines to make a statement other than he has already made, it may lawfully assume that these constitute his entire defence. The facts stated by the defendant in this case in support of his defence that he had accounted for the money, were simply calculated to confuse the jury, without tending in any way to show that he should not be charged with the sum in controversy.

I am wholly unable to see that any injustice was done to the defendant upon this trial, and think the judgment should be affirmed.

THE CHIEF JUSTICE and MR. JUSTICE GRAY took no part in the decision of this case.