SPIES v. UNION PAC. R. CO.

(Circuit Court of Appeals, Eighth Circuit.    March 11, 1918.)

No. 4984.

1. TRIAL ⬳109—GROUNDS FOR DIRECTION OF VERDICT—INSUFFICIENCY OF
    OPENING STATEMENT TO JURY.
        If, after considering the statement to the jury by his counsel of plain-
    tiff's cause of action, and after giving counsel an opportunity to explain
    or modify it, the court is of opinion that the statement does not set forth
    facts sufficient to constitute a cause of action, it has the power to dismiss
    the case without prejudice, or to direct a verdict for defendant.

2. DISMISSAL AND NONSUIT ⬳7, 30—RIGHT TO DISMISS WITHOUT PREJUDICE—
    CONDITION OF CAUSE.
        A plaintiff may not dismiss without prejudice after a motion for a
    directed verdict has been made and submitted, or after such a motion has
    been argued and the court has expressed its opinion upon it.

3. DISMISSAL AND NONSUIT ⬳30—RIGHT TO DISMISS WITHOUT PREJUDICE—
    STATUTORY PROVISION.
        Under Rev. St. Neb. 1913, § 7654, which provides that a plaintiff may
    dismiss an action without prejudice to a future action "before the final
    submission of the case to the jury or to the court where the trial is by
    the court," a plaintiff had the right to dismiss without prejudice, where
    the court had stated its opinion that the opening statement of counsel
    did not state facts sufficient to constitute a cause of action, but before any
    motion or suggestion for a directed verdict had been made.

In Error to the District Court of the United States for the District
of Nebraska; Joseph W. Woodrough, Judge.

Action at law by John J. Spies against the Union Pacific Railroad
Company. Judgment for defendant, and plaintiff brings error. Re-
versed.

W. D. Oldham, of Kearney, Neb. (T. J. Doyle, of Lincoln, Neb., on
the brief), for plaintiff in error.

A. G. Ellick, of Omaha, Neb. (Edson Rich, of Omaha, Neb., on the
brief), for defendant in error.

Before SANBORN, Circuit Judge, and TRIEBER and YOU-
MANS, District Judges.

SANBORN, Circuit Judge.    Mr. Spies, the plaintiff below, the
driver of an automobile, brought this action for damages which he al-
leged he sustained by reason of a collision of the automobile at a
street crossing with a motor passenger car which the railroad company
was running across the street on one of its tracks. He averred that the
collision and his damages were caused by the negligence of the com-
pany; the latter denied this allegation, and insisted that the negligence
of the plaintiff was the cause of the collision and injury. The case
came on for trial before a jury, and Mr. Oldham, one of the counsel
for the plaintiff, made his opening statement of the facts of the case
to them. At the close of that statement the court first said to him
that his impression, from the statement he had made, was that he could
not maintain the action, that the duty of the court was to order the

case dismissed, but that, if he was wrong, he would like to be shown. Thereupon Mr. Doyle, another of the counsel for the plaintiff, and Mr. Oldham, again stated the facts and argued their sufficiency to constitute a cause of action. But the court again expressed the opinion that the facts were insufficient, whereupon Mr. Oldham replied that, in view of the statement of the court, he would dismiss the cause without prejudice. The court, however, denied the plaintiff permission to dismiss his case in that way, and, after hearing further discussion of the sufficiency of the facts stated, directed the jury, over the objection and exception of the plaintiff, to return a verdict for the defendant. The judgment challenged by this writ of error is based upon the rulings which have been recited.

[1] The first question presented by this case is: Was the refusal of the court to permit the plaintiff to dismiss his case without prejudice to a subsequent action for the same cause erroneous? The statute which conditions the answer to this question is section 7654, page 2095, Revised Statutes of Nebraska 1913, and the part of it relevant to the issue here presented reads in this way:

"7654. Sec. 95. *Dismissal Without Prejudice.*—An action may be dismissed without prejudice to a future action:

"First. By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court."

If, after considering the statement to the jury by counsel for the plaintiff of the latter's cause of action, and after giving counsel an opportunity to explain or modify it, the court was of the opinion that the statement did not set forth facts sufficient to constitute a cause of action, it had the power to dismiss the case without prejudice to another action, or to direct a verdict for the defendant on the statement, and it was the approved practice for it so to do. Oscanyan v. Arms Co., 103 U. S. 261, 263, 264, 26 L. Ed. 539; Butler v. National Home for Soldiers, 144 U. S. 64, 12 Sup. Ct. 581, 36 L. Ed. 346.

[2, 3] It is too late for a plaintiff to dismiss or to move to dismiss his case without prejudice to a subsequent action for the same cause, after a motion for a directed verdict has been made and submitted, or after such a motion has been made and argued, and the court has expressed its opinion upon it. Rhode v. Duff, 208 Fed. 115, 118, 125 C. C. A. 343, 346; Whitted v. S. W. Telegraph & Telephone Co. (D. C.) 217 Fed. 835, 837; Bee Building Co. v. Dalton, 68 Neb. 38, 39, 40, 41, 42, 93 N. W. 930, 4 Ann. Cas. 508; Fronk v. Evans City Steam Laundry Co., 70 Neb. 75, 96 N. W. 1053. But counsel for the plaintiff announced his dismissal of this case, or, if that be too strong a statement, moved to dismiss it, before any motion for a directed verdict had been made by the defendant, and before any suggestion had been made by the court that it was considering or intending to make such a direction. It was not until after plaintiff's counsel had announced that, in view of the statement of the court, he would dismiss the case without prejudice, that the first suggestion of a directed verdict was made. The only intimation prior to that announcement was the statement of the court that the impression he received from counsel's statement of his case was that the only duty the court had to perform was to order

the case dismissed; and the conclusion is that the motion of counsel for the plaintiff to dismiss his case without prejudice was made in due time; and that it was error to deny it. This result renders the other question in the case immaterial.

Let the judgment below be reversed, and let the case be remanded to the court below, with directions to grant a new trial.