[Civ. No. 3726. First Appellate District, Division Two.—June 24, 1921.]

## G. B. H. RUTHERFORD, Appellant, v. NINA PEPPA, as Administratrix, etc., Respondent.

[1] DISMISSAL—TRIAL—JUDGMENT.—After the plaintiff's evidence is in and the defendant has submitted the case, and the court has stated what his ruling will be on the evidence, it is too late for the plaintiff to dismiss his action; and notwithstanding an attempted dismissal by the plaintiff at that time, the trial court has the power to render a judgment in favor of the defendant.

[2] CONTRACTS — AGREEMENT TO COMPENSATE BY WILL — BREACH — QUANTUM MERUIT.—In an action against the administratrix of an estate to recover for care, medical services, and board and lodging furnished to the deceased by plaintiff with the understanding that they should be compensated for by will, where the plaintiff is not entitled to recover upon the theory of a breach of an agreement to make provision by will, the plaintiff is entitled to recover upon *quantum meruit.*

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

The facts are stated in the opinion of the court.

Geo. Ingraham for Appellant.

Robert Gillogley for Respondent.

LANGDON, P. J.—This action was commenced against the defendant as administratrix of the estate of Elizabeth Taylor, deceased, to recover for care, medical services, and board and lodging furnished to the deceased by the plaintiff and his wife. The defendant, as administratrix, had refused to allow the claims filed by the plaintiff, amounting to about sixteen hundred dollars, and had filed an answer denying the indebtedness. The plaintiff offered testimony that deceased had been in the habit of spending week-ends at the home of the plaintiff and his wife for about twenty-nine years. During the last few years of her life she had not been in good health, and upon her visits to the plaintiff would frequently receive medicines from the plaintiff, who was a licensed physician. During the last eight weeks of her life, she remained with the plaintiff and his wife and died at their home. During this period she was furnished with food and care by the plaintiff and his family. Claim was made for board for the week-end visits during the period not barred by the statute of limitations, and for board and care and medical services during the last illness, as well as for the value of linen and bedding used by deceased in her lifetime, which plaintiff claimed he was obliged to destroy because of the infectious character of deceased's illness.

The defendant offered no testimony, but made a motion for a nonsuit on the ground that there was no evidence that the services were rendered under circumstances showing that compensation therefor was contemplated by the parties, and that the evidence showed that the services were rendered under a promise by the deceased that she would remember the wife of the plaintiff in her will. The court granted the motion for a nonsuit. Thereupon the attorney for the defendant stated that he wished to withdraw the motion and submit the case. Attorney for plaintiff then stated that he wished to dismiss the action, and on November 20, 1919, filed with the clerk a dismissal of the action. This motion to dismiss was opposed by the defendant. The court took the matter under consideration and on December 19, 1919, filed findings of fact and conclusions of law in favor of defendant and gave judgment accordingly.

[1] We shall dispose first of the contention of appellant that the court had no power to render a judgment in favor

of the defendant in view of the fact that the plaintiff had filed a dismissal of the action before judgment. Section 581 of the Code of Civil Procedure, relied upon by appellant, provides that the plaintiff may dismiss his action at any time before trial. But in the present case the dismissal was not filed until the plaintiff's evidence was in and defendant had submitted the case, and the court had stated what its ruling would be on the evidence. At that time it was too late for the plaintiff to dismiss his action. (*Floody* v. *Great Northern R. Co.*, 104 Minn. 517, [116 N. W. 107, 932]; *Judge of Probate* v. *Abbot*, 13 N. H. 21; *Cohn* v. *Rumely*, 74 Ind. 120; *Walker* v. *Heller*, 56 Ind. 298; Ann. Cas. 1913D, 525, note.) The trial court had clearly stated its intention to find for the defendant and had granted the motion for a nonsuit when the plaintiff attempted to dismiss his action. The rule contended for by plaintiff would work a hardship on a defendant and subject him to endless litigation in cases where the trial court had decided that there was no merit in the action. We are therefor of the opinion that the trial court had the power to render a judgment despite the attempted dismissal by the plaintiff which came too late.

[2] The appellant also challenges the correctness of the judgment rendered. The evidence showed that at least a portion of the services involved in plaintiff's claim were rendered with the understanding that they should be compensated for by will. The court has not found upon this question, and we shall not discuss the evidence which may vary somewhat upon a retrial. The trial court evidently proceeded upon the theory that if any of the services were rendered upon the understanding of the parties that they were to be compensated for in the will of deceased, that such an agreement was insufficient to warrant a recovery for the reasonable value of such services where compensation by will had not been made. The recent case of *Zellner* v. *Wassman*, 184 Cal. 80, [193 Pac. 84], was an action in which the plaintiff attempted to recover for the breach of an agreement to make provision by will for payment for services. It was held that although recovery could not be had upon that theory, that the nonsuit was, nevertheless, improper, as plaintiff was not without his remedy. It was held that plaintiff was entitled to the reasonable value of

his services upon the theory that where a party has conferred upon another, with the assent of the latter, a benefit which was not intended as a gratuity, and the recipient cannot be held upon his original promise to compensate by virtue of the statute of frauds, the law implies a promise on the part of the party receiving the benefit to pay the reasonable value of whatever has been received under the contract.

The judgment is reversed.

Nourse, J., and Sturtevant, J., concurred.