## STATE ex Rel. BUTTE–LOS ANGELES MINING CO., Re-LATOR, *v.* DISTRICT COURT et al., Respondents.

(No. 7,624.)

(Submitted September 24, 1936. Decided October 19, 1936.)

[61 Pac. (2d) 828.]

*Mr. John A. Shelton,* for Relator, submitted a brief and argued the cause orally.

*Messrs. McCaffery & McCaffery,* for Respondents, submitted a brief; *Mr. J. J. McCaffery* argued the cause orally.

MR. JUSTICE MORRIS, delivered the opinion of the court.

In the cause numbered 7,598 (*State ex rel. Butte-Los Angeles Min. Co.* v. *District Court, ante,* p. 30), a condemnation proceeding, decided July 16, 1936, this court remanded the action to the district court of the second judicial district with the following instructions: "The district court is therefore directed under the supervisory power of this court appealed to by the relator, to annul the judgment rendered in action No. 35769, entitled *Butte-Los Angeles Mining Company, a Corporation, Plaintiff,* v. *John J. McNamara, Defendant,* and to allow the defendant McNamara opportunity to amend his answer or file a cross-complaint, and the plaintiff to file such reply to the amended answer, if one be filed, as it deems proper, and when so amended to hear such additional testimony as the parties may desire to offer and such as may be proper under the amended pleadings, and whether the pleadings be amended or not, if the parties cannot agree upon the compensation, to revise the findings and proceed in accordance with the views herein expressed, appoint commissioners to assess the damages, and thereafter proceed as directed by statute."

The action was brought in the second judicial district and the Honorable R. E. McHugh of the third district was called in to try the action. After the remittitur went down, the court and defendant proceeded with reasonable diligence to comply with the directions of this court. It appears that the judge returned to the second district on August 28 to dispose of the matter, and on that date, a certified minute entry shows, the following order was made: "It is ordered and this does order, that that certain judgment made and entered in the above entitled proceeding on the 25th day of April, 1936, be and the same is as to the whole of the said judgment and to each and every part thereof set aside and annulled. Dated this 28th day of July, 1936. R. E. McHugh, Judge." At the

same time, it appears from a further minute entry, the plaintiff moved to dismiss the action, and defendant moved to amend his pleading in accordance with the directions of this court. September 10, Judge R. E. McHugh presiding, the following minute entry was made: ''This day, in this matter, heretofore heard and submitted to and by the court taken under advisement, order granting leave to amend was by the court signed and ordered filed, entered and docketed herein. The motion of the plaintiff was by the court denied. Plaintiff granted an exception to these rulings of the court.'' Upon the denial of plaintiff's motion to dismiss the action plaintiff petitioned this court for an alternative writ of mandate and an order to show cause why the district court should not be compelled to grant plaintiff's motion. The order to show cause was duly issued and returned and the matter was heard by this court on September 23, 1936.

Respondents contended that plaintiff's motion to dismiss was properly denied under the provisions of subsection 1 of section 9317, Revised Codes, which is as follows: ''An action may be dismissed or a judgment of nonsuit entered in the following cases: 1. By the plaintiff himself, at any time before trial, upon payment of costs; provided, a counterclaim has not been made, or affirmative relief sought by the answer of the defendant.''

Plaintiff's assignment of errors is predicated on the court's refusal to grant its motion to dismiss, and that is the only question involved in this proceeding. It contends that, when the judgment was annulled, the action in the lower court was, in effect, in the same status as it was before trial. If such was the legal effect of the decision of this court, plaintiff was entitled to have the action dismissed.

It is clear that the motion was made ''after trial'' and came too late unless the annulment of the judgment in effect restored the status of the action as it existed before the trial in the original action in the district court. To support this contention 18 Corpus Juris, page 1158, is cited. That part quoted from section 30 of the citation as it appears in

plaintiff's brief, taken alone, supports such contention, and is as follows: ''Upon a reversal and remand for a new trial the cause stands for trial *de novo*, and a dismissal or nonsuit may then be taken under a statute allowing a nonsuit at any time before trial.'' This rule undoubtedly applies where a judgment is reversed and remanded for a new trial. No new trial, however, was ordered in the case at bar, but simply further proceedings in a trial already had. The latter part of section 30 of plaintiff's citation from 18 Corpus Juris, above, is as follows: ''Provided defendant will not be prejudiced thereby; and the rule applies although the first trial was on an agreed statement of facts. Plaintiff, however, is not entitled to enter a nonsuit over the objection of, defendant after a reversal with directions as to entry of judgment, or where the reversal is with instructions to proceed in conformity to the opinion.'' It will thus be seen that the quotation of plaintiff from section 30 of 18 Corpus Juris, above, taken as a whole, deprives it of any force in support of plaintiff's contention. In practically all other authorities cited by the plaintiff to support its contention, with one exception which will be later adverted to, the question of a new trial was involved. There would be no doubt about plaintiff's right to have its action dismissed if the judgment had been reversed and the cause remanded, with instructions to grant a new trial, and if no affirmative relief or counterclaim were interposed by defendant, but such was not the situation in the case at bar.

Other provisions of 18 Corpus Juris, where it treats of the subject of dismissal and nonsuit, we think are quite pertinent to this controversy. In section 5, page 1148, volume 18, it is said: ''Plaintiff has no absolute right at all times and under all circumstances to discontinue, dismiss, or take a nonsuit, but such right is often dependent upon the effect it has on the rights of defendant, or upon the application being made at the proper time. * * * ''

Of course, when a plaintiff seasonably applies to the court for the dismissal of an action, if no cross-complaint or counter-

claim asking affirmative relief has been interposed by the defendant, the plaintiff, as a matter of law, is entitled to have his action dismissed, but in the case at bar the acts of the district court brought in question by plaintiff are acts done in accordance with the mandate of this court, and the district court will not be held to be in error under such circumstances.

The one case cited by plaintiff heretofore mentioned which appears to support its contention is *Currie* v. *Southern Pacific Co.*, 23 Or. 400, 31 Pac. 963. That case differs from the case at bar in that the court there held the issues had not been made up when the action was tried in the district court, and therefore no trial was had in the action that was reversed and remanded. Unlike the case of *State ex rel. Barclay Motors* v. *District Court of Second Judicial Dist.*, 102 Mont. 503, 59 Pac. (2d) 45, it is not questioned that a trial was had in the action at bar.

We think the original judgment of the district court was a reasonably equitable adjustment of the controversy, but the cause was remanded for further proceedings as outlined in the decision and which were necessary to bring the judgment within the provisions of the statute and rules of law.

The petition is therefore denied and the proceeding dismissed.

Associate Justices Matthews and Anderson concur.

Mr. Chief Justice Sands, absent on account of illness, and Mr. Justice Stewart, disqualified, take no part in the above decision.